UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HARRIET W. BILBO                                                                                              PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:12CV502 DPJ-FKB

JAMES L. MCANALLY                                                                                          DEFENDANT

ORDER

This petition to compel arbitration is before the Court on two motions. First, Defendant James L. McAnally moved to dismiss [3] the petition for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Second, Plaintiff Harriet W. Bilbo moved to compel arbitration and appoint an arbitrator [7]. Bilbo responded in opposition to McAnally's motion to dismiss, but McAnally declined rebuttal and then failed to respond to Bilbo's subsequent motion to compel arbitration. The Court, having considered the submissions of the parties, along with the pertinent authorities, finds that McAnally's motion to dismiss [3] should be denied. As for the motion to compel arbitration, McAnally is hereby ordered to show cause why the motion should not be granted.

I.      Facts and Procedural History

In 2010, Bilbo, a Mississippi resident, and McAnally, a Florida resident, formed a joint venture to purchase, renovate, and resell residential property in Jackson, Mississippi. They purchased their first property—809 Avondale—in February 2011. Each contributed to the down payment, and they financed the balance through a mortgage. Additional monies were borrowed from BankPlus to fund the renovation. At McAnally's suggestion, the parties signed a "Contractual Joint Venture Agreement" in March 2011, which provided that both would make

Case 3:12-cv-00502-DPJ-FKB   Document 9   Filed 11/15/12   Page 2 of 5

capital contributions as necessary to meet the expenses of the joint venture. The agreement contained an arbitration provision.

According to Bilbo, McAnally failed to hold up his end of the deal and has contributed nothing since the initial loan closing in February 2011. Bilbo, on the other hand, has contributed over $80,000 toward expenses and has loaned the venture over $80,000 to cover McAnally's share of expenses. Petition [1] at 5; Resp. [5], Exh. A ¶ 11. After unsuccessful attempts to resolve the dispute or submit it to arbitration, Bilbo filed this petition to compel arbitration. In response, McAnally moved to dismiss the petition for lack of subject-matter jurisdiction. Specifically, he claims the arbitration provision does not fall within the Federal Arbitration Act because the agreement does not affect interstate commerce.

II.     Analysis

McAnally argues that subject-matter jurisdiction is lacking "because the Federal Arbitration Act is not applicable." Def.'s Mem. [4] at 2. The Federal Arbitration Act authorizes the filing of petitions to compel arbitration in federal district courts, but it does not create an independent basis for federal subject-matter jurisdiction. *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). Instead, an independent basis for federal jurisdiction, such as diversity, is required before the court may entertain petitions under the FAA. *Id.* Thus, the applicability of the FAA, *vel non*, does not determine subject-matter jurisdiction. And in this case, there is no dispute that jurisdiction exists under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the minimum jurisdictional amount has been met. The motion is therefore denied.

As for the FAA, McAnally argues that it is inapplicable because the contract concerns no "matters of interstate commerce." Def.'s Mem. [4] at 1. The FAA applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. This phrase "signals an intent to exercise Congress's commerce power to the full." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995). Thus, the term "commerce" "is to be broadly construed." *Atl. Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1280 (5th Cir. 1994) (citation omitted). With this understanding, courts apply the FAA when the "contracts relate to interstate commerce, a standard that implements the strong federal policy favoring arbitration." *Del E. Webb Const. v. Richardson Hosp. Auth.*, 823 F.2d 145, 147–48 (5th Cir. 1987) (citations omitted).

Several Fifth Circuit cases have considered this construction in the context of contracts between parties from different states. For example, in *Mesa Operating Limited Partnership v. Louisiana Intrastate Gas Corporation*, the court held that "[c]itizens of different states engaged in performance of contractual operations in one of those states are engaged in a contract involving commerce under the FAA." 797 F.2d 238, 243 (5th Cir. 1986). The court went on to state that "[s]uch a contract necessitates interstate travel of both personnel and payments. Commerce under the FAA is not limited to interstate shipment of goods . . ., but includes all contracts 'relating to interstate commerce.'" *Id.* (finding that contract between citizens of different states invoked the FAA) (citing *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 n. 7 (1967)).[1] Other Fifth Circuit opinions reach the same result. *See Pedcor Mgmt.*

---

[1]Although *Mesa* mentions that such contracts "necessitate[] interstate travel of . . . personnel," its general discussion and the cases it cites indicate that actual travel is not a litmus test for applying the FAA. *See* 797 F.2d at 243 (collecting cases). The question is whether the contract relates to interstate commerce. *Id*.

*Co. Welfare Benefit Plan v. Nations Pers. of Tex., Inc.*, 343 F.3d 355, 362 n.29 (5th Cir. 2003) (holding that reinsurance contracts relate to interstate commerce); *Eman-Henshaw v. Park Plaza Hosp.*, 129 F.3d 610 (5th Cir. 1997); *Del E. Webb Const. v. Richardson Hosp. Auth.*, 823 F.2d 145, 147–48 (5th Cir. 1987) (holding that contract for construction related to interstate commerce).

In this case, the Joint Venture Agreement requires an ongoing effort to "restore/improve the property for profit and enjoyment of the parties" and includes provision for future contributions for the "cost of restoration/improvements." Agreement [1-2]. It also provides that "[a]ll furnishing and personal property shall remain the property of the contributor" and "furnishing purchased jointly shall be owned jointly by the parties." *Id.* It is undisputed that McAnally resides in Florida, while the property and its contents are in Mississippi. And though the record fails to indicate whether McAnally personally traveled to Mississippi, he agreed to participate in and fund an ongoing Mississippi joint venture to restore the property.

These facts are similar to those addressed in *Snyder v. Smith*, where the Seventh Circuit applied the FAA to a real-estate agreement. 736 F.2d 409, 418 (7th Cir. 1984) (cited with approval in *Mesa*, 797 F.2d at 243). And the level of ongoing commitment reflected in the Joint Venture Agreement distinguishes the residential real estate transactions addressed in McAnally's supporting authority. *See, e.g., Saneii*, 289 F. Supp. at 859 (noting that "[s]ingle residential real estate transactions . . . have no substantial or direct connection to interstate commerce" but "more complex transactions related to land may involve interstate commerce"). The Court concludes that the joint venture agreement relates to interstate commerce and is therefore covered by the FAA.

III.     Conclusion

Based on the foregoing, the Court finds that subject-matter jurisdiction exists and McAnally's motion to dismiss should be denied. McAnally is given until November 28, 2012 to respond to Bilbo's motion to compel arbitration. If he fails to respond, the motion to compel arbitration will be granted without further notice.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE